### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WALTER R. HEPP, M.D.,

      Plaintiff,

vs.                                         CASE NO. 8:13-CV-02836-EAK-TBM

THE PAUL REVERE LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY,
and THE UNUM GROUP,

      Defendants,

_____/

### ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS CAUSE** comes before the Court on Defendants, The Paul Revere Life Insurance Company, Provident Life And Accident Insurance Company, and The Unum Group's, Motion to Dismiss Plaintiff's Complaint or in the alternative for More Definite Statement and/or Motion to Strike. (Doc. 11). After careful consideration of the parties' submissions, together with the well-pleaded allegations of the Complaint, the Court concludes that Defendant's Motion to Dismiss is **DENIED**. Defendant's Motion to Strike Portions of the Complaint is **DENIED**. The remaining portions of the Complaint are **ABATED**. All other Motions are **DENIED**.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Dr. Walter R. Hepp, is a board certified Electrophysiologist. Doc. 1 ¶ 6. Electrophysiology is a subspecialty within cardiology that, inter alia, diagnoses and

treats heart arrhythmias. Doc. 1 ¶ 7. Defendant Unum operates as an insurance holding company of Defendant Paul Revere and Provident, and is responsible for all claims handling for its subsidiaries including Paul Revere and Provident. Doc. 1 ¶ 12. The Defendants, The Paul Revere Life Insurance Company, Provident Life And Accident Insurance Company, and The Unum Group, are foreign corporations, operating principally outside of Florida but authorized to conduct business in Florida. Doc. 11 at 3. Plaintiff properly invokes diversity jurisdiction, alleging an amount in controversy in excess of $75,000.00. The facts set out are considered facts only for resolving the motions herein.

Beginning on or about June 4, 1992, Dr. Hepp, purchased disability policy no. 01025591750 for long-term, "own occupation," disability insurance from the Defendant. Doc. 1. ¶ 72. On or about September 19, 1994, Paul Revere issued disability policy no. 52-05103794 to Plaintiff (collectively the "Policies"). Doc. 1 ¶ 73. As of May 2011, Dr. Hepp suffered from cervical and lumbar spine deterioration and is no longer able to practice Electrophysiology Doc. 1 ¶ 73. On June 5, 2011, Plaintiff submitted a claim to Provident and Paul Revere. Doc. 1.  ¶ 122. On June 10, 2011, the Insurer Defendants acknowledged receipt of Plaintiff's claim. Doc. 1. ¶ 124. On or about June 30, 2011, Plaintiff provided the Insurer Defendants completed claim forms and other documents requested. Doc.1. ¶ 125. On July 27, 2011, the Insurer Defendants denied the claim advising Hepp that he was not totally disabled as an Electrophysiologist under the Policies. Doc. 11 at 4.

In the complaint Hepp alleges nine counts of misconduct by his insurer in the claim settlement process. These include (1) Breach of Contract, (2) Violation of Florida

2

Statute § 624, (3) Breach of Fiduciary Duty, (4) Beach of Good Faith and Fair Dealing, (5) RICO – 18 U.S.C. § 1962(a), (6) RICO – 18 U.S.C. § 1962(b), (7) RICO – 18 U.S.C. § 1962(a), (8) Fraud as to statements and omissions in the nature and quality of the policy, and (9) Fraud as to occupational determination, CPT Code analysis, and Claim Determinations.

Defendant moves to dismiss for failure to state a claim, or alternatively moves for a more definite statement and to strike certain allegations in the complaint as scandalous and impertinent. Doc. 11. The motion is based on multiple grounds: First, that Plaintiff's Complaint represents impermissible "shotgun" pleading; second, counts 5, 6 and 7 for RICO should be dismissed; third, counts 8 and 9 should be dismissed because they have not met the heightened pleading requirement of Fed.R.Civ.P. 9(b); fourth, fraud counts 2 and 3 are premature bad faith claims; fifth, count 4 should be dismissed because under Florida law a claim for breach of the covenant of good faith and fair dealing must be brought as a bad faith claim under Florida Statute §624.155; and sixth, count 3 for breach of fiduciary duty has no ground because no such relationship exits between an insured and an insurer under Florida law. Doc. 11.

Defendant also moves to strike the allegations based on television reports and case authority based on claim handlings prior to 2003, the prayer for relief in Counts 1, 2, 3, 4, 8 and 9 for the reinstatement of monthly benefits, attorneys' fees and for a refund of premiums. Doc. 11.

## ANALYSIS

### A. Motion to Dismiss

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim must be dismissed if a plaintiff fails to allege sufficient facts to support a claim. Id. Twombly's plausibility standard requires that the allegations be more than merely conceivable. Id. Dismissal of a complaint is warranted "when plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. at 555.

### 1. Plaintiff's Complaint as a shotgun pleading in violation of Fed.R.Civ.P. 8(a)(2).

This Court found in the Order on motion to dismiss second amended complaint, Natarajan v. Paul Revere Life Ins. Co., 720 F. Supp. 2d 1321, Case 8:04-cv-02612-EAK-TGW (M.D. Fla. 2010) (Doc. 85 at 3) (citing Maguluta v. Samples, 256 F.3d 1282 (11th Cir. 2001)) that "attacking a complaint for "shotgun" pleading should not be filed as a motion to dismiss for failure to state a claim; this Court will treat it as a motion for a more definite statement. Accordingly the Court must **DENY** Defendant's motion to dismiss on this basis.

### 2. RICO Claims

The four elements of a RICO claim are: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282–83 (11th Cir. 2006). These elements have been developed by a number of courts to mean, "[a] RICO enterprise exists where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." Jackson v.

Bellsouth Telecomm., 372 F.3d 1250, 1264 (11th Cir. 2004). The court also explained that a successful "pattern of racketeering activity" charges that "(1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." Id.

A plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997) (applying the requirements to a RICO fraud complaint). The plaintiff must allege facts with respect to each defendant's participation in the fraud. Id.

The Court will now address Defendants' arguments that the RICO counts must be dismissed because Plaintiff's claim: (1) fails under the plausibility pleading standard; (2) are based on claim practices from the decade prior to 2003; (3) distinctness of the RICO enterprise from the RICO defendant; (4) fails to show how his injury was caused by racketeering activity; and (5) how each defendant participated in the RICO scheme.

In the instant case, while the Defendant alleges that the claim is based on practices from the decade prior to 2003; the complaint contains allegations regarding the "who, what, when, where, and how" of the alleged fraud as required by Rule 9(b). Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008). The Plaintiff alleges that the start of the fraudulent scheme beginning in the late 1990's and claims that Defendant continues the improper claims practices to the present: "Defendants have not

stopped these practices ten years later and have done the exact same thing to Plaintiff."
Doc. 1 ¶ 46. Plaintiff also asserted that Defendant's conduct continues to the present in
¶¶ 48, 63, 64. In ¶ 164 Plaintiff also states: "Since this is EXACTLY what Defendants
did to Plaintiff and ten years after that report they are still doing the same....". Doc. 1. ¶
164. In the Order on Summary Judgment for Natarajan v. Paul Revere Life Ins. Co., this
Court found that Defendant's sole use of a CPT code analysis to classify medical
specialists out of their occupation is a plausible RICO scheme. 720 F. Supp. 2d 1321,
Case 8:04-cv-02612-EAK-TGW (M.D. Fla. 2010) (evidence could plausibly show that
Defendants' intent was to single out high reserve own-occupation disability insurance
policies for termination).

Plaintiff has not failed to allege facts that would establish a pattern of
racketeering activity. Plaintiff has alleged at least five different instances of mail and
telephone communications, which can establish a pattern of racketeering. Doc. 1. ¶¶
124, 127, 129, 133, 149, referencing Unum letters dated 6/10/11, 7/22/11, 7/27/11,
11/19/11, and 3/6/13.

Defendant alleges that Plaintiff fails to properly distinguish the RICO enterprise
from the RICO person. The Court notes "distinctness is a fact-intensive inquiry that is
not driven solely by formal legal relationships." Lockheed Martin Corp. v. Boeing Co.,
314 F.Supp.2d 1198, 1212 (M.D. Fla. 2004).

Generally,

the RICO enterprise must be distinct from the RICO defendant person.
RICO forbids the imposition of liability where the enterprise is nothing
more than a subdivision or part of the person. In short, a plaintiff can sue
under RICO an individual or corporate employee who engages in a pattern
of racketeering activity through his or her corporate enterprise.

6

Smart Science Laboratories, Inc. v. Promotional Mktg. Servs., 2008 U.S. Dist. LEXIS
118270, at *15 (M.D. Fla. June 27, 2008) (internal citations omitted). The Supreme
Court has explained, "[t]he corporate owner/employee, a natural person, is distinct from
the corporation itself, a legally different entity with different rights and responsibilities
due to its different legal status. And we can find nothing in the [RICO] statute that
requires more 'separateness' than that." Kushner Promotions, Ltd. v. King, 533 U.S.
158, 163 (2001). The Court further remarked, "[a] corporate employee who conducts the
corporation's affairs through an unlawful RICO pattern of activity uses that corporation
as a 'vehicle' whether he is, or is not, its sole owner." Id. at 165.

However, the 11th Circuit has held that even closely held subsidiaries are
separate and distinct entities for purposes of a RICO enterprise when

> each...corporation is a separate and distinct corporation. Each is
> incorporated in a separate state. Each is a separate ongoing business
> with a separate customer base. Each is free to act independently and
> advance its own interests contrary to those of the other two
> corporations...[Co]rporations are distinct persons for the purposes of 18
> U.S.C. § 1962(c) and that each...corporation is distinct from the
> association consisting of the union of all three...corporations which
> comprises the enterprise for the purposes of § 1962(c).

United States v. Goldin Indus., Inc., 219 F.3d 1271, 1277 (11th Cir. 2000). Unum is
described as a separate and distinct holding company for its subsidiaries Paul Revere
and Provident according to the Plaintiff and Defendant. See Doc. 1 ¶ 12; Doc. 11 at 3.
The Court determines that further analysis of the distinctness requirement may be
raised by Defendants, if appropriate, at the summary judgment stage.

Defendant also alleges that Plaintiff fails to show how his injury was caused by
racketeering activity. Plaintiff is not required to show reliance on the misrepresentation
of the Defendant, yet he does allege that he relied on the information that insurance

7

agents provided him to enter into the insurance plan and continue playing premiums. See <u>Bridge v. Phoenix Bond & Indemnity Co.</u>, 553 U.S. 639, 649 (2008) ("no showing of reliance is required to establish that a person has violated § 1962(c) by conducting the affairs of an enterprise through a pattern of racketeering activity consisting of acts of mail fraud"). In <u>Sedima v. Imrex Co.</u>, Inc., 473 U.S. 479 105 (1985), the court held that "there is no requirement that a plaintiff in a private action establish a "racketeering" injury as opposed to an injury resulting from the predicate acts themselves." <u>Id.</u> at 478.

Defendant seeks dismissal of the RICO counts because Plaintiff fails to plead how each defendant participated in the RICO scheme. In <u>Natarajan v. Paul Revere Life Ins. Co.</u>, this Court found that a similar RICO claim with similar defendants was sufficient for response because it alleged that Unum Provident was not only the parent company of Paul Revere Life Insurance Company but also responsible for all denials made by Paul Revere. 720 F. Supp. 2d 1321, Case 8:04-cv-02612-EAK-TGW (M.D. Fla. 2010) (Doc. 62. at 6-7). The court reasoned that if this relationship was in any way inaccurate, it was still sufficiently definite to dignify a response since Plaintiff based much of his argument on a theory of joint venture capable of response. <u>Id.</u>

Since Plaintiff has alleged a RICO person different from the RICO enterprise and the enterprise is comprised of separate and distinct entities, Defendant's motion to dismiss allegations under §1962(c) should be **DENIED**.

**3. Count 8 (Fraud as to Statements and Omissions Regarding Nature and Quality of Policy); Count 9 (Fraud as to occupational determination, CPT Code analysis, and Claim Determinations).**

Defendant argues counts 8 and 9 should be dismissed for failure to allege a false statement upon which Plaintiff relied on with specificity. "[W]hen a complaint is

8

grounded in fraud..., as it appears plaintiff[s'] complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Doc. 11 at 21 (citing Roundtree v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 120687, at *4 (M.D. Fla. 2009)). In the instant case, Plaintiff alleges sufficient particularity to put Defendant on notice of the facts upon which his claims for relief are based. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, 127 (2007) ("to survive a motion to dismiss, a complaint must show allegations that are 'enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true").

Plaintiff alleges fraudulent statements and omissions by Defendant with specificity in ¶¶ 67, 70, 104, 105, 310, 313, 314, 315, 319, and explains how the Plaintiff relied on that information and continued making payments to his premium based on that information. Doc. 17 at 16. Therefore, Defendant's motion to dismiss claim for failure to allege a false statement should be **DENIED.**

### 4. Counts 2 and Count 3 (Violation of Chapter 624 of the Florida Statutes - Bad Faith); Count 4 (Breach of Covenant of Good Faith and Fair Dealing)

Defendant seeks to dismiss counts 2-4 as premature. Doc. 11 at 25-26. Dismissal is improper here because Plaintiff creates significant issues of fact, which have no bearing if Defendant did not breach the contractual agreement. For that reason, the interests of judicial efficiency and justice compel this Court to resolve these claims rather than in separate proceedings once the court has determined the breach of contract claim. Order on Motion to Dismiss Amended Complaint, Natarajan v. Paul Revere Life Ins. Co., 720 F. Supp. 2d 1321, Case 8:04- cv-02612-EAK-TGW (M.D. Fla.

9

2010) (Doc. 62, page 3). Accordingly, the motion to dismiss on these counts is **ABATED** until a breach of contract has been established.

### 5. Count 3 (Fiduciary Duty)

Plaintiff claims that Unum owed him a fiduciary duty and breached that duty. (Doc. 1 ¶ 210). Defendants argue in response that there can be no fiduciary relationship between Hepp and Unum, an insurance holding company, as a matter of law. (Doc. 11 at 27).

The elements necessary to establish breach of a fiduciary duty are: 1) the existence of a fiduciary duty; 2) the breach of that duty proximately caused damages to plaintiff; and 3) damages flowing from the breach. Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002); Miller v. Miller, 89 So.3d 962, 2012 WL 1365064 (Fla. 5th DCA 2012). In Florida, a fiduciary relationship may be express or implied. Hogan v. Provident Life and Acc. Ins. Co., 665 F. Supp. 2d 1273, 1287 (M.D. Fla. 2009) (citing Maxwell v. First United Bank, 782 So. 2d 931, 933 (Fla. 4th DCA 1994)). Express fiduciary relationships are created by contract or legal proceedings. Id. Implied fiduciary relationships "are premised upon the specific factual situation surrounding the transaction and the relationship of the parties" and exist where "confidence is reposed by one party and a trust accepted by the other." Id. (quoting Capital Bank v. MVB, Inc., 644 So. 2d 515, 518 (Fla. 3d DCA 1994)).

There is no fiduciary relationship between an insurer and an insured under Florida law. See Time Ins. Co., Inc. v. Burder, 712 So. 2d 389, 391 (Fla. 1998) ("unlike the fiduciary relationship existent in a third-party claim, the relationship between the [insured and insurer] is that of debtor and creditor."); Cardenas v. Miami-Dade Yellow

Cab Co., 538 So. 2d 491, 495 n.3 (Fla. 3d DCA 1989) ("the insurer and the insured (first-party claimant), as debtor and creditor, stand at arm's length with respect to claims arising out of the insurance contract."). Therefore, it is appropriate to first determine whether Unum, as an insurance holding company, is also an insurer.

Even though a claim of breach of fiduciary duty by an insurance holding company such as Unum is lawful, the facts alleged by Hepp must plausibly establish each element of the cause of action. . Hogan v. Provident Life and Acc. Ins. Co., 665 F. Supp. 2d 1273, 1287 (M.D. Fla. 2009) (citing Iqbal, 129 S. Ct. at 1949). Plaintiff reasons he paid his premiums to Unum who acted as a holding company to its subsidiary insurance companies. and "as a holding company was entrusted with the management of Plaintiff's premiums" Doc. 17 at 19.

Accordingly, Hepp's allegations state a plausible cause of action that a fiduciary relationship was created and that damages resulted from breach of that fiduciary duty. Defendant's motion to dismiss claim for breach of fiduciary duty is **DENIED**.

## B. Motion For A More Definite Statement

Rule 12(e) provides that a motion for a more definite statement may be granted if the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

### 1. Plaintiff's Complaint As A Shotgun Pleading In Violation Of Fed.Civ.P. 8(A)(2)

To properly state a claim, Federal Rule of Civil Procedure 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides that a motion for a more definite statement may be granted if the pleading "is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading." <u>Anderson v. District Bd. of Trustees of Cent. Fla. Community College</u>, 77 F.3d 364, 367 (11th Cir.1996). The Eleventh Circuit has found "shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." <u>Wagner v. First Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006) citing <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). However, in <u>Lockheed Martin Corp. v. Boeing Company</u> the District Court for the Middle District of Florida found that plaintiff's complaint was not a shotgun pleading because although he repeatedly incorporated into each Count all of the general allegations, he also reiterated the particular relevant portions of those general allegations. 314 F. Supp. 2d 1198, 1207 (M.D. Fla. 2004).

While the Complaint in the instant case re-alleges and incorporates all of the general allegations in every count, each count is supported by additional particular facts. This makes the complaint analogous to the complaint at issue in <u>Lockheed Martin Corp. v. Boeing Company</u> and the Court adopts the same finding, holding that it was not a shotgun pleading. <u>Id.</u> The Complaint follows a logical manner and clearly states each count and the appropriate facts. Accordingly, the motion for a more definite statement in the alternate is **DENIED**.

**C. Motion to Strike**

Defendant moves to strike Plaintiff's complaint under Fed.R.Civ.P. 12(f) arguing that some statements should be stricken because they are (1) prejudicial; (2) prayer of relief should be stricken; (3) prayer of relief seeking attorney's fees and a refund of premiums should also be stricken.

12

Rule 12(f) of the Fed.R.Civ.P provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In addressing a Motion to Strike, "a court will not exercise its discretion...unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Dennis v. Northwestern Mutual Life Insurance Co., 2006 U.S. Dist. LEXIS 19578 at 4 (M.D. Fla. 2006)  (citing Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003).

Defendant moves to strike Plaintiff's allegations based on television reports, state investigations and case authority relating to defendants' claims handling up to and including 2003 claiming they are immaterial, impertinent, scandalous and unduly prejudicial. Although the reports, investigations and history of the company may not represent the Defendant in the most favorable light they are not deemed redundant, immaterial, impertinent or scandalous. See  Nankivil v. Lockheed Martin Corp., 216 F.R.D. at 691.

Plaintiff's prayer for relief seeking reimbursement for all premiums paid on the policies should not be stricken at this time. The Plaintiff alleges sufficient facts in the complaint to sustain, prior to discovery, this prayer for relief. The proof of what the damages could be will come after discover. Accordingly the motion to strike is **DENIED** on this issue. See Natarajan v. Paul Revere Life Ins. Co., 720 F. Supp. 2d 1321, Case 8:04-cv-02612-EAK-TGW (M.D. Fla. 2010) (Doc. 85 at 5)

As to the Motion to Strike attorneys' fees and premiums in Counts 2-4, 8, and 9. Florida generally follows the American Rule requiring litigants to pay their own

attorneys' fees. "If the party seeking attorneys' fees can demonstrate the specific, certain and conclusive existence of malice or fraud, attorneys' fees are available." Cook v. Deltona Corp., 753 F.2d 1552, 1564 (11th Cir. 1985) (citing Baya v. Central and Southern Florida Flood Control Dist., 184 So.2d 501, 502 (Fla. 2nd App. 1966)). It would be premature to strike attorneys' fees when Plaintiff alleges fraud. Therefore, the Motion to Strike is **DENIED**. Accordingly, it is:

ORDERED that Defendant's Motion to Dismiss is **DENIED**; Defendant's Motion For A More Definite Statement is **DENIED;** Defendant's Motion to Strike is **DENIED**. The Defendant's have ten (10) days to answer the complaints.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 5 day of August, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

14