**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WALTER R. HEPP, M.D.,**

    **Plaintiff,**

**v.**                                                           **Case No. 8:13-cv-2836-T-17TBM**

**THE PAUL REVERE LIFE INSURANCE**
**COMPANY, PROVIDENT LIFE AND**
**ACCIDENT INSURANCE COMPANY, and**
**THE UNUM GROUP,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER comes before the Court on (1) **Plaintiff's Motion for Sanctions** (Doc. 165) and Defendants' response in opposition. (Doc. 173); and (2) **Plaintiff's Motion for Reconsideration of Order Denying Plaintiff Leave to Depose Jack McGarry** (Doc. 172), and Defendants' response in opposition (Doc. 176). A hearing on these matters was conducted August 19, 2015.

By his Motion for Sanctions (Doc. 165), Plaintiff seeks sanctions for Defendants purported failure to produce documents and comply with court discovery orders. In particular, he complains of inadequate email and document production and seeks an order striking defenses and pleadings – in essence, the entry of default against Defendants, as well as costs and fees. Alternatively, he seeks additional production of documents, primarily emails in native format, and an order allowing Plaintiff to retain a computer specialist to review Defendants' computer systems to ensure all relevant documents are located. At

arguments, Plaintiff complains of inadequate email production, hyper-redacted documents, and the lack of production related to policies, plans, and practices concerning the Closed Block of business.

In short, Defendants respond that the motion, which is more akin to a motion to compel, is untimely. Defendants claim that Plaintiff distorts the facts surrounding what production was actually made, ignores that Defendants undertook massive production efforts at great expense, and resorts to speculation about documents that do not exist. Moreover, sanctions are not warranted as they have produced thousands of pages of documents, including relevant emails and Plaintiff's assertions otherwise are inaccurate. As for redactions, where information was redacted, it was appropriate to do so in light of the fact that the information was irrelevant to this suit. (Doc. 173).

>Rule 37(b)(2)(A) provides:
>
>>If a party or a party [...] fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:
>>(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>(iii) striking pleadings in whole or in part;
>>(iv) staying further proceedings until the order is obeyed;
>>(v) dismissing the action or proceeding in whole or in part;
>>(vi) rendering a default judgment against the disobedient party; or
>>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
>Fed. R. Civ. P. 37(b)(2)(A).

Courts are given broad discretion in fashioning appropriate sanctions for violations of discovery orders. *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, the court is only authorized to impose such sanctions "as are just" against a party that violates an order compelling discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Additionally, "[i]nstead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982).

Upon consideration, the **Motion for Sanctions** (Doc. 165) is **granted in part and denied in part**. The motion is denied insofar as it seeks imposition of sanctions. Based on Defendants' response and arguments, it appears the case that Plaintiff has received a considerable amount of discovery, albeit not nearly as much as he believes he should have received. At present, Plaintiff does not demonstrate the type of willful discovery violations necessary to support the imposition of any case-dispositive sanctions. That said, the Court is concerned with the dispute over emails and the allegations by Plaintiff's counsel that no actual written corporate policy concerning the Closed Block has been produced. By this point, all corporate policies, plans, strategies, or directives related to the Closed Block of business at issue in this lawsuit should have been produced. Any such matters not already

3

produced are long overdue and should be produced immediately.  Defendants remain under a continuing duty to produce such matters where they have not already done so.  <u>As the individual designated to oversee Defendants' production, Ms. Pett is</u> **ordered** <u>to confirm that Defendants have produced copies of plans, policies, strategies, and directives related to the Closed Block of business, and to certify the same in writing to opposing counsel and the Court, or otherwise ensure that additional production is made immediately.</u>

Moreover, as set forth below, I have decided to reconsider the denial of the motion to compel Mr. McGarry's deposition.  It is hoped that the deposition will clear up this dispute over corporate policies, plans, etc., for the Closed Block of business here at issue.

As for the email production, the number of emails produced in relation to the large number of "hits" obtained as a result of the search terms employed (188,000 hits representing 1.6 million pages) does raise some concerns.  Accordingly, <u>within seven (7) days</u> from this Order, Plaintiff may designate up to three search terms[1] expressly referencing the Closed Block for further production.  <u>All hits</u> identified under those three search terms shall be produced to Plaintiff or otherwise made available for review.  Any production shall be made in native format unless such cannot be done.  Production is governed by the extant confidentiality agreement, and matters produced may be used solely in connection with this suit.

By his Motion for Reconsideration of Order Denying Plaintiff Leave to Depose Jack McGarry (Doc. 172), Plaintiff asks the Court to reconsider its Order denying it leave to

---

[1](*See* Doc. 165 at 4).

depose Jack McGarry as untimely. Plaintiff claims that the request is not untimely, but rather that he had to wait for the deposition errata sheets and review the documents produced prior to filing its motion. He submits a timeline of events (*id.* at 2), asserting that he promptly conferred with Defendants regarding the motion and filed the motion two weeks later. (Doc. 172).

Defendants oppose the motion, urging that Plaintiff has failed to satisfy his burden for reconsideration, to wit, that there is no new evidence or argument that could not have been presented initially. They argue that timeline that Plaintiff presents to the Court is not new evidence, nor does it show that he promptly and diligently sought relief from the Court. (Doc. 176).

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Mannings v. Sch. Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235 (M.D. Fla. 1993). In this district, a request for reconsideration is appropriate in only three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Internat'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co.*, 922 F. Supp. 577, 579 (M.D. Fla. 1996). A motion for reconsideration is not intended for a party to relitigate issues which

have already been found lacking. *Gov't Personnel Servs., Inc. v. Gov't Personnel Mutual Life Ins. Co.*, 759 F. Supp. 792, 793 (M.D. Fla. 1991), *aff'd*, 986 F.2d 506 (11th Cir. 1993).

Since the denial of Plaintiff's motion for leave to depose Mr. McGarry, the district judge has entered its rulings on cross-motions for summary judgment. Among other conclusions, the Order leaves intact the Plaintiff's RICO allegations. (Doc. 174). In the given circumstances and in light of Plaintiff's allegations regarding discovery violations as discussed above, the Court finds that the deposition of Mr. Jack McGarry may bring clarity to certain issues raised by Plaintiff and whether documents exist regarding plans, strategies, policies, or practices, and the implementation or "re-engineering" of such in the Closed Block under Mr. McGarry's leadership, as well as incentive compensation relating to the Closed Block.

While Mr. McGarry appears to have little pertinent knowledge of the specific events surrounding Dr. Hepp's disability claim, as he was purportedly located in the United Kingdom during that time period, he has served as head of the Closed Block since 2012 and likely has considerable knowledge regarding the plans, strategies, etc., of the Closed Block in effect upon his arrival, as well as the plans, strategies, etc., which he implemented and which remain relevant to the RICO claims. Mr. McGarry may also have knowledge regarding any documentation which may exist addressing these matters.

Accordingly, upon consideration, **Plaintiff's Motion for Reconsideration of Order Denying Plaintiff Leave to Depose Jack McGarry** (Doc. 172) is **GRANTED** as follows:

Plaintiff is granted leave to depose Jack McGarry. Mr. McGarry shall appear for deposition within twenty-five (25) days of the date of this Order, or as otherwise agreed by

counsel, at a mutually agreeable time and location convenient to Mr. McGarry. Consistent with Rule 26(b), the inquiry at this deposition shall relate to matters raised by the claims and defenses in this suit. For example, both parties may explore the allegations/denials related to Plaintiff's RICO claim, such as plans, strategies, policies, or practices, and the implementation or "re-engineering" of such with regard to the Closed Block, whether previously unproduced documents may exist relating to the plans, strategies, policies, or practices of the Closed Block, as well incentive compensation relating to the Closed Block and the use of CPT codes in evaluating claims to the Closed Block, and documents related thereto. If Mr. McGarry has any personal knowledge regarding Plaintiff's specific claim for disability, such may also be explored during deposition.

**DONE AND ORDERED** in Tampa, Florida, this 20th day of August 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record